FILED
CLERK
7/19/2016 3:43 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ROBERT H. AJAMIAN,

                      Plaintiff,

        -against-

KINAN NIMEH, GUNN ALLEN FINANCIAL,
EVEREST SPECIALTY UNDERWRITERS, LLC,
PERSHING, INC., MATTHEW PHOTIS,
JOAN SWARTZ,

                      Defendants.
----------------------------------------------------------------X

**MEMORANDUM AND ORDER**
16-CV-00145 (JMA)(AYS)

**AZRACK, United States District Judge:**

        On January 7, 2016, *pro s*e plaintiff Robert H. Ajamian filed an *in forma pauperis* complaint against Kinan Nimeh ("Nimeh"), Gunn Allen Financial ("Gunn Allen"), Everest Specialty Underwriters, LLC ("Everest"), Pershing, Inc. ("Pershing"), Matthew Photis ("Photis") and Joan Swartz ("Swartz and collectively, "defendants") purporting to allege claims of securities fraud. By Memorandum and Order dated April 19, 2016, the Court granted plaintiff's request to proceed *in forma pauperis* is granted, and *sua sponte* dismissed the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) with leave to file an amended complaint. On April 25, 2016, plaintiff filed an amended complaint against the same defendants and alleging the same claims. For the reasons that follow, the amended complaint is *sua sponte* dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and the Clerk of the Court shall mark this case closed.

# BACKGROUND[1]

Like the original complaint, plaintiff's handwritten amended complaint is difficult to understand. Although the allegations are difficult to discern, plaintiff describes that his claims are "for violation of the antifraud provisions of the federal securities laws, the sale of unsuitable securities, common law fraud, and breach of fiduciary duty." (Am. Compl. at 2.) Plaintiff alleges that, in 2005, he had an investment account valued at $21,000 and discussed investment of this Keough account with Nimeh. (Id. at 4.) Nimeh is described to have "held himself out as a trained and knowledgeable investment professional, and that with the resources of Gunn Allen Financial, [he] promised that he could safely and responsibly manage [plaintiff's] funds." (Id.) Plaintiff claims that he advised Nimeh that "he had no prior investment experience" and that Nimeh assured him that plaintiff's funds would be invested in a "diversified portfolio of stocks." (*Id*.) After investing with Nimeh, plaintiff alleges that his investment grew by $3,000. (Id.) In 2006, however, plaintiff alleges that "Pershing Clearing took $500 in margin calls." (Id.) Nonetheless, plaintiff gave Nimeh an additional $7,000 in April 2007 to invest. (Id. at 5.) When plaintiff saw that the value of his investments was declining, Nimeh allegedly advised him that the "losses were only temporary." (Id.) According to plaintiff, the losses continued and the value of his investment never recovered. (Id.) For relief, plaintiff seeks to recover, *inter alia*, a damages award of $90,000. (Id. at 7, 9-10, 12, 14.)

# DISCUSSION

I.  Standard of Review

Pursuant to the *in forma pauperis* statute, 28 U.S.C. §1915, a court must dismiss an action

---

[1] The following facts are taken from Plaintiff's Complaint and are presumed to be true for the purpose of this Memorandum and Order.

if it determines that it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court must dismiss the action as soon as it makes such a determination.

*Pro se* submissions are afforded wide interpretational latitude and should be held "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*); see also Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997). In addition, the court is required to read the plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. United States v. Akinrosotu, 637 F.3d 165, 167 (2d Cir. 2011) (*per curiam*) (citation omitted); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).

The Supreme Court has held that *pro se* complaints need not even plead specific facts; rather the complainant "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted); cf. Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). However, a *pro se* plaintiff must still plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678. While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. at 678 (quoting Twombly, 550 U.S. at 555).

3

II.     Pleading Requirements of Rules 8 and 9 of the Federal Rules of Civil Procedure

As the Court made clear in its April 19, 2016 Memorandum and Order, Rule 8 of the Federal Rules of Civil Procedure requires that a pleading contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8's pleading requirements are intended to give the defendant "fair notice of what the claim is and the grounds upon which it rests." Dura Pharms., Inc. v. Broudo, 544 U.S. 336, 346 (2005) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957), overruled in part on other grounds by Twombly, 550 U.S. 544). A "plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (internal quotation marks and citations omitted).

Because plaintiff's amended complaint involves allegations sounding in fraud, the pleading requirements set forth in Federal Rule of Civil Procedure 9(b) must also be met. When a complaint alleges fraud, "Rule 9(b) requires that allegations of fraud be pleaded with particularity." Harsco Corp. v. Segui, 91 F.3d 337, 347 (2d Cir. 1996); see also Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."). This means that the amended complaint "must (1) detail the statements (or omissions) that the plaintiff contends are fraudulent; (2) identify the speaker; (3) state where and when the statements (or omissions) were made; and (4) explain why the statements (or omissions) are fraudulent." Segui, 91 F.3d at 347; see also Lerner v. Fleet Bank, N.A., 459 F.3d 273, 290 (2d Cir. 2006).

4

Rule 8's general pleading requirement and Rule 9(b)'s particularity requirement must be read together. Ouaknine v. MacFarlane, 897 F.2d 75, 79 (2d Cir. 1990) (stating that "Rule 9(b) . . . must be read together with Rule 8(a) which requires only a 'short and plain statement' of the claims for relief"); Credit & Fin. Corp. v. Warner & Swasey Co., 638 F.2d 563, 566 (2d Cir. 1981) (same). These two rules have been read together to mean that a plaintiff need not plead evidentiary details. See, e.g., In re Scholastic Corp. Sec. Litig., 252 F.3d 63, 72 (2d. Cir. 2001). However, "[t]o pass muster under rule 9(b), the complaint must allege the time, place, speaker, and sometimes even the content of the alleged misrepresentation." Ouaknine, 897 F.2d at 79 (citing DiVittorio v. Equidyne Extractive Indus., Inc., 822 F.2d 1242, 1247 (2d Cir. 1987) (additional citation omitted). Although scienter need not be alleged with great specificity, Beck v. Manufacturers Hanover Trust Co., 820 F.2d 46, 50 (2d Cir.1987), there must be some factual allegations in support of intent.

This pleading standard applies even to *pro se* litigants. While the special leniency afforded to *pro se* civil rights litigants somewhat loosens the procedural rules governing the form of pleadings, it does not completely relieve a *pro se* plaintiff of the duty to satisfy the pleading standards set forth in Federal Rules of Civil Procedure 8 and 9. See Vega v. Artus, 610 F. Supp. 2d 185, 196, n.8, n.9 (N.D.N.Y. 2009) (citing Second Circuit cases); Wilson v. Dalene, 699 F. Supp. 2d 534 (E.D.N.Y. 2010) (dismissing *pro se* plaintiff's securities fraud claims for failure to comply with Federal Rule of Civil Procedure 9's requirements).

Here, as is readily apparent, plaintiff's amended complaint fails to conform with the requirements of Rules 8 and 9. Like the original complaint, the amended complaint does not include allegations against any of the defendants other than Nimeh, and the sparse allegations against Nimeh fail to attribute any specific prohibited act to him, much less any particularized

allegations of unlawful conduct. Accordingly, plaintiff has failed to allege a plausible claim for relief.

III.  Prior Litigation and the Statute of Limitations

The Court's research has uncovered a similar lawsuit brought by plaintiff in the Northern District of New York, assigned docket number 14-CV-320, against Nimeh ("Nimeh II"). See Ajamian v. Nimeh, 14-CV-320, 2014 WL 6078425 (N.D.N.Y. Nov. 13, 2014). In that case, the Court described that plaintiff's complaint was "an exact copy" of a complaint plaintiff had filed in the United States District Court for the District of Columbia on June 10, 2014, which was then transferred to the Eastern District of New York and assigned docket number 14-CV-4093 ("Nimeh I"). Finding that claims in Nimeh II were precluded under the doctrine of *res judicata*, the Norther District dismissed the action. See Ajamian, 2014 WL 6078425, at *2.

A.  *Res Judicata* and *Collateral Estoppel*

Notwithstanding the liberal pleading standard afforded *pro se* litigants, there are limits to how often a court can be asked to review the same allegations against the same parties or their privies. The doctrines of *res judicata* and *collateral estoppel* provide that limitation. See, e.g., Salahuddin v. Jones, 992 F.2d 447, 449 (2d Cir. 1993) (*res judicata*); Johnson v. Watkins, 101 F.3d 792, 794-95 (2d Cir. 1996) (*collateral estoppel*).

*Res judicata*, or claim preclusion, provides that "'[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'" St. Pierre v. Dyer, 208 F.3d 394, 399 (2d Cir. 2000) (quoting Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981)); see also EDP Med. Computer Sys. v. United States, 480 F.3d 621, 624 (2d Cir. 2007). A district court has not only the power but the obligation to dismiss complaints *sua sponte* on *res judicata* grounds when the litigation history

6

triggers it. Salahuddin, 992 F.2d at 449.

Similarly, "'*collateral estoppel*, like the related doctrine of *res judicata*, has the dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation.'" Brandstetter v. Bally Gaming, Inc., No. 11-CV-2594 (JFB)(GRB), 2012 WL 4103917, at *3 (E.D.N.Y. Sept. 18, 2012) (quoting Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326 (1979)). Additionally, a district court may raise the issues of *res judicata* and *collateral estoppel sua sponte*, Doe v. Pfrommer, 148 F.3d 73, 80 (2d Cir. 1998); Pino v. Ryan, 49 F.3d 51, 54 (2d Cir. 1995) ("Nothing . . . suggests that an affirmative defense appearing on the face of a complaint may not be the basis for a *sua sponte* dismissal under section 1915(d) [section 1915(e) as amended] prior to service of the complaint."); and the doctrines of *res judicata* and *collateral estoppel* apply to *pro se* litigants. Austin v. Downs, Rachlin, & Martin Burlington St. Johnsbury, 270 F. App'x 52 (2d Cir. 2008); Cieszkowska v. Gray Line N.Y., 295 F.3d 204, 205-06 (2d Cir. 2002) (affirming district court's *res judicata* dismissal of an *in forma pauperis* action previously dismissed for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii)).

Here, as is readily apparent, plaintiff's claims against Nimeh are substantially similar to those alleged in Nimeh I and II and arise out of the same nucleus of facts. However, plaintiff's claims against Nimeh were dismissed without prejudice in each of these earlier cases. Ajamian v. Nimeh, 14-CV-4093 at Docket Entry No. 10 and Electronic Order dated Dec. 31, 2014; Ajamian, 2014 WL 6078425, at *2. Given that plaintiff withdrew his complaint without prejudice in Nimeh I, there was no final decision on the merits and thus no preclusive effect. However, because the amended complaint fails to allege a plausible claim for the reasons set forth above, see *supra* at 3-4, together with the fact that the conduct of which plaintiff complains is alleged to have

occurred in 2007 at the latest, well outside the applicable statute of limitations[1], plaintiff has not alleged a plausible claim for relief. Walters v. Indus. & Commercial Bank of China, Ltd., 651 F.3d 280, 293 (2d Cir. 2011) ("[D]istrict courts may dismiss an action *sua sponte* on limitations grounds in certain circumstances where the facts supporting the statute of limitations defense are set forth in the papers plaintiff himself submitted.") (internal quotation marks and citation omitted). Accordingly, the amended complaint is dismissed with prejudice 28 U.S.C. § 1915(e)(2)(B)(ii). The Clerk of the Court is directed to enter judgment and close this case.

## CONCLUSION

For the reasons set forth above, the amended complaint is *sua sponte* dismissed with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Clerk of the Court is directed to enter judgment and close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962). The Clerk of the Court is directed to mail a copy of this Memorandum and Order to the *pro se* plaintiff.


**SO ORDERED**.                                              ___/s/ JMA_____
                                                             Joan M. Azrack
Dated:  July 19, 2016                                        United States District Judge
        Central Islip, New York

---

[1] Ajamian v. Zakarian, 14-CV-321, 2014 WL 4247784 (N.D.N.Y. Aug. 26, 2014) ("The current limitations period for a securities fraud claim is the earlier of two years from discovery of facts underlying the violation or within five years of the violation.") (citing 28 U.S.C. § 1658(b) (repealing the former statute of limitations found in the Securities and Exchange Act of 1934, 15 U.S.C. § 78i(e)).